## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MYLINH MCDONALD, on her own behalf
and all similarly situated individuals,**

**Plaintiffs,**

-vs-                                                    Case No.  6:10-cv-1755-Orl-28KRS

**D & H COMPANY, PARK OIL
COMPANY, HENRY C. DODGE, JR.,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT** (Doc. No. 41) |
| **FILED:** | **July 13, 2011** |

## I.     PROCEDURAL HISTORY.

Plaintiff Mylinh McDonald and Defendants D&H Company and  Park Oil Company seek the

Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C.

§ 201, *et seq.*

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x. at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III.     ANALYSIS.

In the present case, Plaintiff averred in her answers to the Court's interrogatories that she was owed more than $70,000.00 in overtime compensation, minimum wages and liquidated damages.

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Doc. No. 30 at 4. Under the settlement agreement, Plaintiff will receive $12,550.00.  Therefore, Plaintiff has compromised her FLSA claim.

In the motion to approve the settlement, Plaintiff represents, through counsel, that she voluntarily agreed to this amount in light of the disputes about FLSA coverage and computation of overtime and minimum wage compensation due.  Specifically, Defendant contends that Plaintiff was exempt from the FLSA, and Plaintiff's counsel concedes, after conducting discovery, that there was a high likelihood that Defendant might prevail on the exemption defense.  Doc. No. 41 at 3.  Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because the Plaintiff has compromised her FLSA claims, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.  Counsel for Plaintiff states in the Joint Motion for Approval of Settlement Agreement that the attorney's fee was separately negotiated from Plaintiff's recovery.  Doc. No. 41 at 4 n.2.  Where the attorney's fees were agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).  Here, the settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to her attorney.  Therefore, the Court need not consider the reasonableness of the attorney's fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.  The Court need not approve the other provisions of the settlement agreement, and I note that the agreement contains a confidentiality agreement that the Court likely would not enforce due to the public disclosure of the settlement agreement in the Court's file. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.    **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.    **GRANT in part** the Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment, Doc. No. 41;

3.    **PROHIBIT** counsel for Plaintiff from withholding any portion of the $12,550.00 payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4.    **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5.    **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6.    **DISMISS** the case with prejudice; and,

7.     **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2011.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy